UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISIDRO GARCIA,

    Plaintiff,

    v.

CORRECTIONAL MEDICAL
SERVICES,

    Defendant.
    _____/

CASE NO. 5:07-CV-10923
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion to dismiss (docket #9).

II.    <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Isidro Garcia is a former state prisoner[1] who, at the times relevant to this complaint, was incarcerated at the Mid-Michigan and Pine River Correctional Facilities, both in St. Louis, Michigan. Plaintiff commenced this action on March 2, 2007, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and the Eighth Amendment, alleging that defendant Correctional Medical Services was deliberately indifferent to his serious medical needs. Plaintiff's statement of facts in support of his claim states, in its entirety:

> On Sept. 7 2006 at Mid-Michigan Correctional Facility, while playing football I injured my left pinky finger, causing me the inability to straighten the finger. On the afternoon of the above date I went to the medical department for

---

[1] According to the Michigan Department of Corrections's Offender Tracking Information System website, plaintiff was paroled on June 19, 2007. Plaintiff has not provided the Court with a current address.

treatment. When I saw the on duty medical staff members they taped my pinky finger to my ring finger and gave me a two (2) day supply of ice. The medical staff informed me that I would be going for x-ray's [sic] on the following day (Sept. 8th 06). Subs[e]quently I did not receive a[n] x-ray until Sept. 18th 06, which was motivated by a grievance I wrote on Sept. 13 06. Shortly there after I was transfer[r]ed to St. Louis Pine River Correctional Facility, where on Oct. 25th 06 I was sent for a 2nd x-ray. After approximately 3 weeks the medical staff at Pine River Correctional Facility finally took me to have a "clam shell" splint made for my finger. After I was fitted with the splint the medical staff told me that the splint was to remain on for 6 weeks in an attempt to straighten out my finger.

On or about Jan. 6th 07 I went for a check up with the P.A. here at St. Louis Pine River Correctional Facility. The P.A. informed m that the splint may have helped but my finger was not 100%. I then informed the P.A. that my finger still hurt and that I could not straighten it out.

The P.A. stated that there was nothing more that he could do because the tend[o]ns that go over the top of my finger have slid down to the sides, and that is what is keeping me from straight[en]ing out my finger. I then requested surgery which would correct the problem and the P.A. state that the state would not pay for the surgery. I then requested a written affidavit to the fact and the P.A. told me that if anyone needs it that it would be in my medical file. Subs[e]quently my finger is permanently disfigured.

Compl., Statement of Facts.

The matter is currently before the Court on defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), filed on May 14, 2007. Defendant contends that it is entitled to dismissal because (a) plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and (b) plaintiff's complaint does not state a claim upon which relief may be granted. Plaintiff has not filed a response to the motion.[2] For the reasons that follow, the Court should grant

---

[2]At the time defendant filed its motion, and apparently up until the time of plaintiff's release, plaintiff was incarcerated at the Bellamy Creek Correctional Facility in Bluewater, Michigan. Defendant's motion was served on plaintiff at the Bellamy Creek Facility. On May 22, 2007, I entered a scheduling order requiring plaintiff to file a response to the motion by July 20, 2007. Despite plaintiff having provided the Court with a notice of change of address, the docket as of the date of this Report still reflected plaintiff's address as the Pine River Facility. It is not clear whether the scheduling order was sent to plaintiff at Pine River or Bellamy Creek. Nevertheless, the order was not returned by the MDOC as undeliverable, and thus it can be presumed that it reached plaintiff. And, in any event, in the absence of any other scheduling order

defendant's motion.

B.  *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the

---

plaintiff was required to file a response within 21 days of the service of defendant's motion to dismiss. *See* E.D. Mich. LR 7.1(d)(1)(B). Unlike the case with a summary judgment motion, a failure to respond to a motion to dismiss is not dispositive, because the allegations of the complaint which are already before the Court stand or fall on their own, and thus unlike with a summary judgment motion a court need not advise a *pro se* defendant of the consequences of failing to respond to a motion to dismiss. *See Curtis v. Bembenek*, 48 F.3d 281, 287-88 (7th Cir. 1995).

approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.  *Analysis*

Here, plaintiff's complaint fails to state a claim against defendant upon which relief may be granted. Plaintiff's allegations relate to failures of various medical employees at the prisons in which he was incarcerated to provide timely and adequate care. However, plaintiff does not name any of these individuals as defendants, asserting his claim solely against CMS, the medical officials's employer. CMS cannot be held vicariously liable for the actions of its employees. It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). Thus, for example, in the context of a municipality, a plaintiff cannot establish the municipality's liability unless he shows that "deliberate action attributable to the municipality

4

directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). This rule of municipal liability applies equally to private corporations that are deemed state actors for purposes of § 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *see also*, *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citing cases); *Dashley v. Correctional Med. Servs., Inc.*, 345 F. Supp. 1018, 1021 (E.D. Mo. 2004). Thus, "CMS, although clearly a state actor and therefore a proper party to this § 1983 action, cannot be held vicariously liable for the actions of its agents . . . . Hence, CMS's liability must . . . be premised on some policy that caused a deprivation of [plaintiff]'s Eighth Amendment rights." *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. Mar. 26, 2001).

Here, plaintiff has no allegation that the alleged failures of CMS medical personnel in Michigan prisons to timely and adequately treat him resulted from any policy of CMS. Plaintiff complains of discreet acts of failure to treat his condition by the medical personnel in the prisons. These allegations are insufficient to state a claim that CMS was itself involved in the alleged deprivation of plaintiff's rights. *See Dashley*, 345 F. Supp. 2d at 1022. Accordingly, the Court should grant CMS's motion to dismiss.[3]

D.  *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to state a constitutional claim against defendant CMS. Accordingly, the Court should grant defendant's motion to dismiss.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

---

[3] If the Court agrees with this recommendation, it is not necessary to address the exhaustion issue. *See* 42 U.S.C. § 1997e(c)(2) (court may dismiss action for failure to state a claim notwithstanding prisoner's failure to exhaust administrative remedies).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 2/11/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 11, 2008.

s/Eddrey Butts  
Case Manager